IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE ESTATE OF JAMES GODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-330-SLR |
| | ) | Del. Super. Ct. |
| DENNIS L. SMITH, | ) | No. S09C-07-045(THG) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 1st day of April, 2011, having reviewed the case removed from the Superior Court of Delaware;

IT IS ORDERED that the case is summarily remanded to the Superior Court of Delaware, for the reasons that follow:

1. This is the second time defendant Dennis L. Smith ("defendant") has removed *Estate of James Godwin v. Smith*, Civ. No. S09C-07-045(THG) to this court. The prior attempt at removal resulted in a summary remand. *See Estate of James Godwin v Smith*, Civ. No. 10-531-LPS ("*Godwin I*"), summarily remanded June 29, 2010 (D.I. 7, 8).

2. As discussed in *Godwin I*, the complaint in Civ. No. S09C-07-045(THG) was filed on July 28, 2009, the Superior Court docket indicated that defendant was served on August 5, 2009, and he answered the complaint on October 6, 2009. (*Godwin I*, D.I. 7 at 4) The notice of removal in *Godwin I* was not timely filed, having been filed on June 17, 2010, well after the thirty-day time requirement as set forth by 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b) ("a notice of removal of a civil action or proceeding

shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.") The notice of removal in *Godwin I* was not timely, and defendant fares no better in his second attempt at removal. The court notes that the notice of removal contains argument similar to that presented by defendant during a hearing held before the undersigned on April 8, 2011 on his motion for a restraining order in *Smith v. Stark*, Civ. No. 11-257-SLR.

3. Defendant's repeat removal of *Estate of James Godwin v. Smith*, Civ No. S09C-07-045(THG) is vexatious and an abuse of the legal process. Indeed, in a companion case this date, the court has ordered defendant to show cause why he should not be enjoined from filing similar notices of removal in this court without prior authorization. Moreover, defendant is placed on notice that future notices of removal for *Estate of James Godwin v. Smith*, Civ No. S09C-07-045(THG) will not be considered, will be summarily remanded, and may subject defendant to sanctions.

4. Defendant's failure to timely file the notice of removal following service the initial pleading renders the removal procedurally defective. For these reasons, the court will summarily remands the case to the Superior Court of Delaware. The Clerk of Court is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE
